IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY CORPORAL,

    Plaintiff,

    v.

OFFICER DONALDSON,

    Defendant.

Civil Action No.:  DKC-20-3357

**MEMORANDUM OPINION**

On January 5, 2023, the United States Circuit Court of Appeals for the Fourth Circuit issued a *per curiam* opinion dismissing Plaintiff Jeffery Corporal's appeal for lack of jurisdiction and remanding the case to this court for "consideration of the unresolved claims."  ECF No. 37-1 at 2. Specifically, the Fourth Circuit directed this court to consider:

> Corporal's allegations that his First Amendment rights were violated when Donaldson withheld permissible paperback books because Corporal refused to acquiesce to the destruction of his allegedly prohibited hardcover book and subsequently continued to withhold the paperback books in retaliation for Corporal filing a grievance.

*Id*. Following the issuance of the Mandate (ECF No. 38), counsel for defendant was directed to respond to Mr. Corporal's claim that his paperback books were not delivered to him, and Mr. Corporal was granted time to file any opposition thereto.  ECF No. 39.

In response to this court's Order, Mr. Corporal filed a motion for summary judgment (ECF No. 40) and Defendant Donaldson filed a motion to dismiss or in the alternative for summary judgment (ECF No. 48).  Mr. Corporal was advised by a June 21, 2023, letter from the Clerk that he had a right to oppose Defendants' motion and if he did not oppose it, his claim could be dismissed.  ECF No. 49.  Mr. Corporal has not filed an opposition response, however, his motion for summary judgment includes a declaration.  ECF No. 40-2.

A hearing in this matter is unnecessary.  *See* Local Rule 105.6 (D. Md. 2023).  For the reasons that follow, Mr. Corporal's motion to for summary judgment will be denied and Defendants' motion, construed as a motion to dismiss, will be granted in part.  Further proceedings are required to resolve part of the claims.

## BACKGROUND

### I.    Mr. Corporal's allegations

On September 18, 2020, while he was assigned to administrative segregation, Defendant Officer Donaldson brought paperback books and a hardback book to Mr. Corporal's cell.  ECF No. 40-2 at 1, ¶ 1.  Mr. Corporal had purchased the books from a vendor.  *Id*.  Officer Donaldson informed Mr. Corporal that he could not have the hardback book because he was housed in administrative segregation and hardback books were not allowed.  *Id*. at ¶ 2.  Mr. Corporal claims that Officer Donaldson then said he would give Mr. Corporal the paperback books but only if Mr. Corporal agreed to have the hardback book destroyed or returned to the vendor.  *Id*. at ¶ 3.  Mr. Corporal declined the offer and Officer Donaldson did not give the paperback books to him.  *Id*. at ¶ 4.

According to Mr. Corporal, prison policy entitled him to receive paperback books and did not authorize Officer Donaldson to require Mr. Corporal's agreement to the destruction or return of the hardback book as a condition to receiving the paperback books.  ECF No. 40-2 at 1, ¶¶ 5, 6.  Mr. Corporal states that he filed a "prison grievance" against Officer Donaldson on September 18, 2020.  *Id*. at 1-2, ¶ 7.  Weeks after this incident, Mr. Corporal recalls that Officer Donaldson delivered other paperback books to him and informed Mr. Corporal that the books that came in on September 18, 2020, would continue to be withheld because of the grievance Mr. Corporal had filed.  *Id*. at 2, ¶¶ 8, 9.

## II.    Defendant's response

Officer Donaldson argues that the facts alleged do not support a Constitutional claim and asserts that Mr. Corporal did not exhaust administrative remedies properly prior to filing the instant lawsuit.[1]  ECF No. 48-1 at 6-12.  Officer Donaldson additionally claims entitlement to qualified immunity.  *Id*. at 12-14.

With respect to exhaustion of administrative remedies, Officer Donaldson provides the declarations of Assistant Litigation Coordinator for Western Correctional Institution Jason Clise and Executive Director of the Inmate Grievance Office ("IGO"), F. Todd Taylor, Jr.  ECF Nos. 48-2 and 49-3.  Mr. Clise verified relevant institutional records while Mr. Taylor provided a statement regarding the records at the IGO.  *Id*.

According to the verified records, Mr. Corporal filed an administrative remedy procedure request ("ARP") on September 23, 2020, which was dismissed on October 9, 2020.  ECF No. 48-2 at 1, ¶ 4.  The ARP case number WCI-1809-20 was filed by Mr. Corporal on September 18, 2020, and marked received by the ARP Office at WCI on September 23, 2020.  *Id*. at 6.  Mr. Corporal asserted in that ARP that property officers delivered four books, one with a hardback and three paperback books, that his family had ordered for him from Amazon.  *Id*.  He states that he

---

[1]    As is the typical practice, Defendants did not answer the amended complaint, electing instead to file a motion to dismiss or for summary judgment.  Thus, Defendant has not raised the affirmative defense of administrative exhaustion in an answer because none has been filed.  Nor was it raised by Defendants in the motion to dismiss or for summary judgment filed before Mr. Corporal's appeal.  *See* ECF No. 21.  An affirmative defense must be stated in the first "responsive pleading" or it is waived.  *Jennings v. Frostburg State University*, --- F.Supp.3d ---, 2023 WL 4567976, at *11 (D. Md. June 27, 2023).  As noted there, however, "waiver of an affirmative defense is not automatic; it requires the opposing party to show prejudice or unfair surprise.  *Peterson v. Air Line Pilots Ass'n*, 759 F.2d 1161, 1164 (4th Cir. 1985)."  Further, the affirmative defense may be raised for the first time in a dispositive pre-trial motion (which is not a "responsive pleading"), absent unfair surprise and prejudice.  Id., at *12.  Mr. Corporal has not challenged the assertion of this affirmative defense.

was told he was not allowed to have the hardback book "per an inapplicable rule enforced by the property officer Lt. Pennington." *Id*. Mr. Corporal argued that since he was assigned to administrative segregation pending an investigation, and not pending disciplinary proceedings, the prohibition did not apply to him. *Id*. at 7. He complained that the officers refused to provide him with a confiscation form for the hardback book "as required by prison policy" and refused to give him the three paperback books unless he agreed to have the hardback book returned to Amazon. *Id*. In Mr. Corporal's view, these actions violated prison policy and his right to due process. *Id*.

The Warden responded to Mr. Corporal's ARP following an investigation. ECF No. 48-2 at 9-10. The investigation report indicates that under "WCI.250.0001.1, inmates are not allowed hardbound books while assigned to Administrative Segregation." *Id*. at 10. Additionally, reports from Officers Shumaker, Conley, and Fisher state that Mr. Corporal refused to accept the three softbound books. *Id*. The response to Mr. Corporal's ARP incorporated these investigative findings and suggested that he contact the property room if he wanted the three allowable books. *Id*. The response is dated October 9, 2020. *Id*. at 4.

Mr. Corporal appealed the Warden's dismissal to the Commissioner of Correction and in a response dated November 10, 2020, the appeal was dismissed because the "warden fully addressed" the ARP. ECF No. 48-2 at 15.

Mr. Corporal appealed the Commissioner's dismissal of his appeal to the IGO, which was received by that office on November 13, 2020. ECF No. 48-3 at 1, ¶ 3. In a letter dated December 14, 2020, Mr. Corporal was advised that he had failed to provide the original complaint to the warden; any receipt from the warden; any appeal to the Commissioner as well as any receipt and response from the Commissioner. *Id*. at 5. He was granted 30 days to provide the missing documents. *Id*. at 6. On March 5, 2021, after Mr. Corporal failed to provide the IGO with the

requested paperwork, his case was dismissed.  *Id.*  at 1, ¶ 4.  This court received Mr. Corporal's 1983 complaint on November 17, 2020.  ECF No. 1-1.

## STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

When the moving party styles its motion as a motion to dismiss or, in the alternative, motion for summary judgment, as is the case here, and attaches additional materials to their motion, the nonmoving party is, of course, aware that materials outside the pleadings are before the court, and the court can treat the motion as one for summary judgment.  *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (emphases added).  "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'"  *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)).  "A fact is material if it 'might affect the outcome of the suit under the governing law.'"  *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original).

The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

## DISCUSSION

As noted, Officer Donaldson raises the affirmative defense that Mr. Corporal failed to exhaust his administrative remedies prior to filing his complaint with this court.  If Mr. Corporal's claim has not been properly presented through the administrative remedy procedure it must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e.  The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  42 U.S.C. § 1997e(h).  The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532; *see Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd*, 98 Fed. Appx. 253 (4th Cir. 2004).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). Nevertheless, a claim that has not been exhausted may not be considered by this court. *See Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory. *Ross v. Blake*, 578 U.S. 632, 639 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross*, 578 U.S. at 639 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d at 725, 729; *see Langford v. Couch*, 50 F.Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford* 548 U.S. at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original). But the court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

In Maryland prisons, the Administrative Remedy Procedure is the administrative process that must be exhausted.  Md. Code Regs. § 12.02.28.02(B)(1), (D) (2018).  First, a prisoner must file an ARP with the warden within 30 days of the incident at issue.  Md. Code Regs. § 12.02.28.05(D)(1) (requiring filing with the "managing official"); Md. Code Regs. § 12.02.28.02(B)(14) (defining "managing official" as "the warden or other individual responsible for management of the correctional facility"); Md. Code Regs. § 12.02.28.09(B) (setting the 30-day deadline).  Second, if the ARP is denied, or the inmate does not receive a timely response, a prisoner must file an appeal with the Commissioner of Correction within 30 days.  Md. Code Regs. § 12.02.28.14(B)(5).  If the appeal is denied, the prisoner must appeal within 30 days to the Inmate Grievance Office ("IGO").  *See* Md. Code. Ann., Corr. Servs. §§ 10-206, 10-210; Md. Code Regs. § 12.07.01.05(B).  Inmates may seek judicial review of the IGO's final determinations in a Maryland Circuit Court.  *See* Md. Code Ann., Corr. Servs. § 10-210(a).

The PLRA's exhaustion requirement serves several purposes.  These include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219; *see Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (exhaustion means providing prison officials with the opportunity to respond to a complaint through proper use of administrative remedies).  It is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase v. Peay*, 286 F. Supp. 2d at 530; *Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *see also Booth v.*

*Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Exhausting administrative remedies after a complaint is filed will not save a case from dismissal for failure to exhaust administrative remedies. *See Neal v. Goord*, 267 F.3d 116, 121-22 (2d Cir. 2001) (overruled on other grounds). In *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), the court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court. . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." This court has consistently recognized this principle. *Kitchen v. Ickes*, 116 F. Supp. 3d 613, 624-25 (D. Md. 2015); *Miller v. McConneha, et al*, JKB-15-1349, 2015 WL 6727547 at *3-4 (D. Md. November 11, 2015); *Wilson v. MCTC Administration*, PWG-21-3094, 2022 WL 14849012 at *6 (D. Md. October 26, 2022); *Leupolu v. Okoluku*, SAG-21-1854, 2022 WL 4017308 at *4 (D. Md. September 1, 2022); *Hand v. Allen*, JKB-20-3119, 2022 WL 137978 at *4 (D. Md. January 14, 2022); *Wooten v. Hogan, et al.*, CCB-20-1218, 2021 WL 416947 at *3 (D. Md. September 14, 2021); *Ervin v. Corizon Health, et al.*, ELH-19-1666, 2020 WL 2490042 at *28 (D. Md. May 13, 2020); *Conway v. Carr*, RDB-19-809, 2019 WL 4806141 at *5 (D. Md. October 1, 2019); *Shiheed v. Webb, et al.*, GLR-16-3166, 2019 WL 3220122 at *5 (D. Md. July 16, 2019).

As described in the remand order, there are two aspects to the remaining claims: (1) any constitutional violation when Officer Donaldson withheld permissible paperback books because Mr. Corporal refused to acquiesce in the destruction of the allegedly prohibited book and (2) any constitutional violation when Officer Donaldson subsequently continued to withhold the paperback books in retaliation for Mr. Corporal having filed a grievance.

Mr. Corporal filed his complaint in this court four days after his IGO complaint was received in that office. He therefore did not properly exhaust administrative remedies prior to filing suit, nor did he properly exhaust administrative remedies after filing suit because he failed to provide the additional documentation requested by the IGO. The initial claim that he was denied paperback books even though he was allowed to have them must therefore be dismissed without prejudice for failing to exhaust administrative remedies.

The second part of the claim, retaliation on October 1 for the filing of the September grievance cannot be resolved on the current record. Mr. Corporal uses the term "retaliatory" in his complaint when he speculates that the Commissioner's late response to his ARP appeal was "perhaps retaliatory." ECF No. 1 at 7. He also alleges that Officer Donaldson told him on October 1, 2020, that the paperback books withheld on September 17 were not being delivered because he had filed a prison grievance and contends that his first amendment right to free speech was violated when Officer Donaldson continued to "censor" the paperback books "as retaliation for his filing a grievance about that censorship." ECF No. 1 at 9. While there is no evidence that any claim of retaliation on October 1, 2020, for having filed the earlier grievance, was ever the subject of any administrative grievance, Defendant's motion does not address that claim at all. Mr. Corporal has not had an opportunity to respond to any argument that it fails to state a claim or was not exhausted.

Thus, the motion to dismiss will be granted as to the first part of the claim, but denied as to the second.  Defendant will have 14 days to respond to the remaining claim.

   A separate Order follows.


September 22, 2023                              /s/
                                    _____
                                    DEBORAH K. CHASANOW
                                    United States District Judge