IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY CORPORAL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-20-3357 |
| OFFICER DONALDSON, | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION

Pending in this civil rights case is Defendant Officer Donaldson's Motion to Dismiss or, in the alternative, for Summary Judgment (ECF No. 53), filed in response to this court's Memorandum Opinion and Order issued September 22, 2023 (ECF Nos. 51 and 52). Although Plaintiff Jeffrey Corporal was notified of the pending motion and of his right to file a response as well as the consequences of failing to do so, he has not opposed the motion. (ECF No. 54). For the reasons that follow, Defendant's motion, construed as a motion for summary judgment, will be granted, and Plaintiff's remaining retaliation claim will be dismissed without prejudice for failure to exhaust administrative remedies.

BACKGROUND

After this court granted Defendants' Motion to Dismiss or for Summary Judgment by Memorandum Opinion and Order issued on July 30, 2021, Plaintiff filed an appeal. (ECF Nos. 31, 32, 33). Plaintiff's appeal was dismissed for lack of jurisdiction by the United States Court of Appeals for the Fourth Circuit because, in that court's view, all of Plaintiff's claims were not addressed by this court. (ECF No. 37-1). The case was remanded to this court for consideration of Plaintiff's retaliation claim. *Id*.

In his complaint, Plaintiff claimed that he was improperly denied possession of a hard-back book he ordered based on his housing assignment in administrative segregation. (ECF No. 1 at 4). He alleges that, on September 18, 2020, Officers Fisher, Connelly, and Donaldson came to Plaintiff's cell to deliver four books, three of which were paperback and one that was hard-back. *Id*. at 3. After Plaintiff was advised that institutional policy prohibited possession of hard-back books by inmates in administrative and disciplinary segregation, he was given the choice of having the book sent back to the vendor or having it destroyed. *Id*. Plaintiff asked to have the book stored at the institution and that request was denied. *Id*. at 5.

When Plaintiff's request to have the hard-back book stored for him was denied, Officers Fisher, Connelly, and Donaldson left with all of the books. *Id*. It was Plaintiff's contention that Officer Donaldson withheld the allowable property (three paperback books) based solely on Plaintiff's refusal to authorize destruction or return of the hard-back book, which was not authorized by institutional policy. *Id*.

On October 1, 2020, Officer Donaldson again brought books to Plaintiff's cell, all of which were paperbacks. (ECF No. 1 at 7). The three paperback books that came earlier (on September 18) but Plaintiff was not given due to the dispute regarding the hard-back book were not included in this delivery. *Id*. According to Plaintiff, when he asked Officer Donaldson why the three paperbacks that had arrived the prior month were not included, Officer Donaldson responded that it was due to Plaintiff filing an Administrative Remedy Procedure complaint ("ARP") alleging that Officer Donaldson was illegally censoring the four books that arrived on September 18, 2020, the hardback book that he was denied and the three paperback books that were not given to him despite being allowable property. *Id*. This retaliation claim is the claim that the Fourth Circuit found was unaddressed by this court in its July 30, 2021, Memorandum Opinion.

Pursuant to this court's Order, Defendant Officer Donaldson has now provided a response to the retaliation claim and argues that it should be dismissed because Plaintiff never filed an ARP asserting that Officer Donaldson was retaliating against him when he continued to withhold the books initially available on September 18, 2020.  (ECF No. 53).  According to the declaration of Jason Clise, Assistant Litigation Coordinator, a search of the records pertaining to Plaintiff's ARPs revealed that in the years of 2019 and 2020 Plaintiff filed numerous ARPs about books being withheld improperly but none alleging that Officer Donaldson was retaliating against him for filing such ARPs.  (ECF No. 53-2).

STANDARD OF REVIEW

Summary judgment is governed by Fed. R. Civ. Proc. 56(a) which provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (emphases added).  "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)).  "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original).  The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015).  At the same time, the court

must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd*, 98 Fed. Appx. 253 (4th Cir. 2004).

The failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). Nevertheless, a claim that has not been exhausted may not be considered by this court. *See Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory. *Ross v. Blake*, 578 U.S. 632, 639 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross*, 578 U.S. at 639 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

4

When the issue presented on summary judgment is an affirmative defense on which the moving party will have the burden of proof, the required showing is more robust:

> As the Sixth Circuit has stated:
>
> Rule 56(c) requires the moving party to show not only the absence of a disputed issue of fact but also that he is entitled to judgment as a matter of law. In assessing the sufficiency of the evidence to sustain a particular inference, therefore, the court must also consider the burden of proof on the issue and where it will rest at trial. When the moving party does not have the burden of proof on the issue, he need show only that the opponent cannot sustain his burden at trial. But where the moving party has the burden —the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.
> *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.1986) (quoting W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487–488 (1984)) (emphasis in original).

*Proctor v. Prince George's Hosp. Ctr.,* 32 F. Supp. 2d 820, 822 (D. Md. 1998).

## ANALYSIS

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725, 729 (4th Cir. 2008); *see Langford v. Couch*, 50 F.Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford* 548 U.S. at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original). But the court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

In Maryland prisons, the Administrative Remedy Procedure is the administrative process that must be exhausted. Md. Code Regs. § 12.02.28.02(B)(1), (D) (2018). First, a prisoner must file an ARP with the warden within 30 days of the incident at issue. Md. Code Regs. § 12.02.28.05(D)(1) (requiring filing with the "managing official"); Md. Code Regs. § 12.02.28.02(B)(14) (defining "managing official" as "the warden or other individual responsible for management of the correctional facility"); Md. Code Regs. § 12.02.28.09(B) (setting the 30-day deadline). Second, if the ARP is denied, or the inmate does not receive a timely response, a prisoner must file an appeal with the Commissioner of Correction within 30 days. Md. Code Regs. § 12.02.28.14(B)(5). If the appeal is denied, the prisoner must appeal within 30 days to the Inmate Grievance Office ("IGO"). *See* Md. Code. Ann., Corr. Servs. §§ 10-206, 10-210; Md. Code Regs. § 12.07.01.05(B). Inmates may seek judicial review of the IGO's final determinations in a Maryland Circuit Court. *See* Md. Code Ann., Corr. Servs. § 10-210(a).

The PLRA's exhaustion requirement serves several purposes. These include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219; *see Moore v. Bennette*, 517 F.3d at 725(exhaustion means providing prison officials with the opportunity to respond to a complaint through proper use of administrative remedies). It is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase v. Peay*, 286 F. Supp. 2d at 530; *Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *see also Booth v. Churner*, 532 U.S. 731,

735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

The undisputed declaration of Jason Clise establishes that Plaintiff never gave prison officials the opportunity to address his retaliation claim by filing an ARP. In his complaint, Plaintiff details his efforts to resolve the confiscation of his books. (ECF No. 1 at 7-8). The complaint therefore makes it clear that the procedure was available to Plaintiff, and he was familiar with how to access it. Because Plaintiff did not respond to the pending dispositive motion, he has not disputed Jason Clise's declaration or the evidence that he did not file an ARP about the alleged retaliation. Plaintiff has failed to exhaust administrative remedies and the complaint must be dismissed without prejudice. Accordingly, by separate Order which follows, the complaint will be dismissed.

<u>January 12, 2024</u>                                        /s/
                                                 DEBORAH K. CHASANOW
                                                 United States District Judge

7